**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CARROLL W. SKINNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:09-cv-00395** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Carroll W. Skinner's Motion for Judgment on the Administrative Record (Doc. No. 10) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), as well as the Commissioner's Motion for Judgment on the Pleadings (Doc. No. 21.) The Court withdraws the previous reference to the Magistrate Judge, and for the reasons explained below, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, Plaintiff's motion will be denied, the Commissioner's decision in the administrative action affirmed, and this matter dismissed.

**I. INTRODUCTION**

Plaintiff was born July 25, 1958 and was forty-one on the alleged onset date of May 15, 2000. (Doc. No. 8, Certified Transcript of Administrative Record ("TR"), at 54.) Plaintiff filed for SSI and DIB on September 10, 2001. (TR 16.) Plaintiff's claim was denied initially by the Commissioner on April 3, 2002, and again upon reconsideration on August 19, 2002. (TR 31, 39.) Plaintiff was granted a hearing before administrative law judge ("ALJ") John P. Garner on June 17, 2004. (TR. 16-24.) In a decision dated January 28, 2005, ALJ Garner denied Plaintiff's application for benefits. *Id.* Plaintiff thereafter filed a timely request for review by the Appeals Council, and on November 25, 2005, the Appeals Council denied Plaintiff's request for review. (TR 5.) The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff appealed to this Court pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

On June 30, 2006, this Court granted the Commissioner's request to remand the case under sentence four of 42 U.S.C. § 405(g). (TR 514.) On December 18, 2006, the Appeals Council issued an order remanding the case back to an ALJ for further proceedings. (TR 520.) A second administrative hearing was held on November 27, 2007 before a different ALJ, William F. Taylor, at which Plaintiff and vocational expert ("VE") Dr. Kenneth Archer both testified. (TR 934-969.) In a decision dated February 4, 2008, ALJ Taylor denied Plaintiff's application for benefits. (TR 489-497.) On February 24, 2008, the Appeals Council denied Plaintiff's request for review, whereupon the ALJ's decision became the final decision of the Commissioner, from which the Plaintiff again appeals to this Court.

## II.    THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on his review of the entire record, ALJ Taylor determined that the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act, and made the following findings in a written opinion issued November 27, 2007:

1.    The claimant met the insured status requirements of the Social Security Act through December 31, 2003, but not thereafter.

2.    The claimant has not engaged in substantial gainful activity since May 15, 2000, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.    The claimant has a severe combination of impairments that includes obesity, a meniscal tear of the knee, varicose veins, asthma, and hypertension (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, with up to 20 pounds of lifting occasionally and 10 pounds frequently, a total of 6 hours walking/standing during an 8-hour workday for up to 2 hours at a time, 6 hours of sitting during an 8-hour workday for up to 2 hours at a time, occasional postural activities, no working at unprotected heights, and no more than occasional exposure to respiratory irritants.

6.    The claimant is capable of performing past relevant work (20 CFR 404.1565 and 416.965).

7.    The claimant has not been under a "disability," as defined in the Social Security Act, from August 5, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g).

(TR 489-97.)

III.    APPLICABLE LEGAL STANDARDS

  A.    Standard of Review

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion.  *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).  Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantiality is based on the record taken as a whole.  *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).  When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration.  *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

  B.    Evaluation of Entitlement to Social Security Benefits

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled."  42 U.S.C. § 423(d)(1)(A).  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy."  42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *Id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520; other citations omitted). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity ("RFC"). *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.    ANALYSIS AND DISCUSSION

Because of the relatively focused nature of the Plaintiff's arguments, a brief overview of her medical history, rather than an exhaustive account, will suffice. Additional facts will be considered in the context of addressing Plaintiff's specific arguments, below. In general, the ALJ found that Plaintiff suffers from varicose veins, asthma, hypertension, a meniscal tear of the knee, and obesity. According to her treating physician, Plaintiff also suffers from degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD) and peripheral vascular disease. The ALJ, however, found that the record contradicted that finding because: (1) Plaintiff never had any deep vein thrombosis or clots associated with her varicose veins; (2) Plaintiff's hypertension and asthma have been treated and controlled with medication, without complaint of side effects; (3) pulmonary function studies have been

normal, or have shown only "mild" COPD; (4) CT scan and a myelogram some "mild" disc bulging, but no disc herniation or impingement of the nerve room; (5) Plaintiff has only sporadically complained of knee pain, maintains a normal gait, and has not undergone any knee surgery; and (6) Plaintiff has never complained of any disabling limitations associated with her obesity. The ALJ's determination that Plaintiff is not disabled was based largely on the fact that she received very conservative treatment for her various ailments, and most of her problems appear to be well controlled by medication.

Plaintiff now argues that the ALJ erred by (1) finding Plaintiff had the residual functional capacity to perform light work and that she could return to her past work; (2) failing to consider the combined effect of Plaintiff's multiple impairments, including pain; (3) rejecting the opinion of Plaintiff's treating physician; and (4) relying on and affording greater weight to the unsigned report from the consultative exam. (Doc. No. 11, Pl.'s Mem. Supp. Mot. for Jgmt. on the Record (hereafter, "Pl.'s Brief"), at 3.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922.

### A. Whether the ALJ Erred by Finding Plaintiff Had the Residual Functional Capacity to Perform Light Work and that She Could Return to Her Past Work

The Plaintiff asserts that the ALJ committed "reversible error" in finding that the Plaintiff retained the residual functional capacity to perform light work or return to her past work. (Pl.'s Brief at 3-5.) Specifically, Plaintiff argues that because the ALJ's assertion that the Plaintiff was able to lift 10 pounds frequently was not based on any evidence, he must have impermissibly "simply assumed" this fact. (*Id.* at 4.) Plaintiff also contends that because the VE, in response to questions by *Plaintiff's counsel* which assumed the truth of all claims made by Plaintiff's treating physician, the Plaintiff and her husband, stated that *if those claims were true*, Plaintiff would be unable to return to her past work, and that sustained, full-time work in a conventional setting would "present difficulties," that Plaintiff is therefore "not capable of performing . . . any work on a sustained basis." (*Id.* at 5.)

As noted above, this Court reviews the ALJ's decision to determine whether substantial evidence in the record supports the finding that the claimant is not disabled. Furthermore, as discussed more fully below, ALJs are not "bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." 20 C.F.R. § 404.1527(f); SSR 96-6p. In fashioning the hypothetical question posed to

a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

In his decision denying disability benefits, the ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform light work, with up to 20 pounds of lifting occasionally and 10 pounds frequently, a total of 6 hours walking/standing during an 8-hour workday for up to 2 hours at a time, 6 hours of sitting during an 8-hour workday for up to 2 hours at a time, occasional postural activities, no working at unprotected heights, and no more than occasional exposure to respiratory irritants. (TR 492.) In response to a hypothetical incorporating these limitations, the vocational expert testified that Plaintiff could perform her past relevant work, including jobs as a cashier and as a fast food worker, and could perform other light or sedentary jobs available in the local and national economy. (TR 497.) Because the ALJ found that Plaintiff was capable of performing past relevant work under step 4 of the sequential evaluation process, he determined that she was "not disabled" and, as such, analysis under step 5 was unnecessary.

The ALJ clearly took into consideration the entirety of the record when constructing the limitations for the hypothetical he posed to the VE, and in doing so he was under no obligation to fully credit all of the claimant's evidence as to her own abilities,[1] nor was he bound by the VE's responses to questions by Plaintiff's counsel. It is equally clear to the Court that substantial evidence in the record, including one medical consultant who opined that Plaintiff could lift up to 10 pounds frequently, and another who found that the Plaintiff could lift up to 25 pounds frequently, supported the ALJ's determination that Plaintiff could lift up to 10 pounds frequently. (TR 492,195, 315). Because this Court has found that substantial evidence exists in the record to support the ALJ's finding regarding Plaintiff's RFC, it declines to disturb this finding.

### B. Whether the ALJ Erred by Failing to Consider the Combined Effect of Plaintiff's Multiple Impairments, Including Pain

SSR 96-7p provides instruction on evaluating credibility as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on

---

[1] The weight accorded to both the Plaintiff's testimony and that of her treating physician by the ALJ, and the respective reasons for the amount of weight given, are addressed more fully in parts B through D.

the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

In addition, 20 C.F.R. § 404.1529(c) describes the kinds of evidence that the ALJ is to consider, in addition to the objective medical evidence, when assessing the credibility of an individual's statements, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

As Plaintiff correctly indicated, the ALJ "must consider all of the evidence," including the combined effect of impairments, and "must give adequate weight to all evidence [including testimony] by the plaintiff." (Pl.'s Brief, at 40.) However, the relevant provision, § 404.1529(c)(4), goes on to clarify that statements by a claimant will still be considered *in relation to* the objective medical evidence, with attention given to any inconsistencies between a claimant's statements and the other evidence. Thus while the Plaintiff is correct that a claimant's claims of pain cannot be rejected outright just because the ALJ finds that they are not substantiated by the evidence, the inconstancies between those statements and the other available evidence will be considered when determining the credibility of such statements.

A claimant's credibility is a significant consideration in the evaluation of pain, because tolerance of pain is very much an individual matter. *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). However, an ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other. *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990). Thus, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997). An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Commissioner of Social Sec.*, 127 F.3d 525, 531 (6th Cir. Mich. 1997)

In the present case, Plaintiff's testimony that she was disabled by pain not only conflicts with substantial evidence in the record, but also with other parts of Plaintiff's own testimony. Specifically, Plaintiff's range of daily activities, regarding which both the Plaintiff and her husband testified—including assisting with chores, grocery shopping, going to the movies, driving, and traveling out of town for weeks at a time causing her to miss her physical therapy sessions—undermines her claims of a "disabling" level of pain. (TR 81, 101, 960.) It is clear that the ALJ did not dismiss Plaintiff's complaints of pain, but, rather, incorporated the degree of pain supported by the objective evidence in the record, and Plaintiff's own conflicting testimony, in formulating Plaintiff's RFC. (TR 492.)

Plaintiff also gave inconsistent testimony regarding her smoking, claiming that she quit smoking ten years ago (TR 941), and then, later, conceding that she still smoked (TR 949, 964), but only after being challenged on this point by the ALJ based on statements by her treating physician and testimony by her husband, respectively, that she had smoked more recently. (TR 949, 960-61.) The ALJ did not deny benefits because Plaintiff smoked, but, rather, discounted her credibility because she was caught in a lie. (TR 496-97.) Plaintiff obviously disagrees with the ALJ's discounting of her credibility, but it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determination with regard to Plaintiff's degree of pain and her RFC. Accordingly, the Court declines to disturb the ALJ's credibility findings. Finally, the Court notes, while Plaintiff baldly asserts that, because the ALJ did not make a specific finding of credibility, "it is assumed that he found [Plaintiff's] testimony and that of her husband to be credible" (TR 5), in fact the ALJ extensively discussed Plaintiff's credibility in his written opinion, and the reasons for discounting it. (TR 493-97.) The error, if any, in omitting an express credibility statement was harmless.

The ALJ also explicitly and comprehensively considered the combined effect of Plaintiff's other impairments, including obesity, and found that, even when considered together, they were not disabling. (TR 492-97.) As such, the Court likewise declines the Plaintiff's invitation to reverse on this ground. The standard of review does not turn on whether, given the same record, the district judge would make the same determination, but only on whether "more than a scintilla" of evidence supports the ALJ's determination. *Perales*, 402 U.S. 389, 401. Here, substantial evidence supports the ALJ's conclusions regarding the combined effect of Plaintiff's complaints.

**C. Whether the ALJ Erred By Not Giving Proper Deference to the Opinion of the Plaintiff's Treating Physician.**

The Sixth Circuit has consistently observed that even where the Commissioner's decision to reject a claimant's disability application is otherwise supported by substantial evidence, reversal will nonetheless be required if the agency fails to follow its own procedural regulations requiring the agency to "'give good reasons' for not giving weight to a treating physician in the context of a disability determination." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2). However, opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)).

An ALJ generally is required give more weight to opinions from treating sources since "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). Further, an ALJ must give the opinion of a treating source controlling weight if he finds the opinion to be "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Id.* The weight given a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d); *Harris v. Heckler*, 756 F.2d 431 (6th Cir. 1985). If not contradicted by any substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference. *Miksell v. Comm'r of Soc. Sec.*, No. 388, 2008 U.S. Dist. LEXIS 12913, at *21 (S.D. Ohio, June 12, 2008) (citing *Harris*, 756 F.2d at 435)).

If the opinion of a treating source is not accorded controlling weight, in determining what weight to give the opinion, an ALJ must consider factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Harris, 756 F.2d at 431-35.*

The regulation requires the agency to always "give good reasons" for the weight given a treating

source's opinion." *Id.* "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that her physician has deemed her disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement ensures that the ALJ applies the treating-physician rule and permits meaningful review of the ALJ's application of the rule. *Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)).

In the present case, Plaintiff's treating physician Dr. Willard West, in his February 2004 medical assessment, found that Plaintiff was limited to occasionally lifting less than 10 pounds and frequently lifting less than 5 pounds, standing/walking for less than 2 hours in an 8 hour day, sitting for less than 6 hours in an 8 hour day, and had multiple postural and environmental restrictions. (TR 336-40.) In November, 2007 Dr. West averred in an affidavit that he had reviewed the restrictions enumerated in his February 2004 medical statement, and confirmed that those restrictions still applied. (TR 927-33.) Plaintiff argues that the opinion of Dr. West, a treating physician, is entitled to controlling weight as medical source evidence, and that the ALJ wrongly rejected his opinion. (Pl.'s Brief, at 41-45.)

The Court nonetheless finds that the ALJ did not err in his treatment of this treating physician's opinion because the record reflects that the ALJ considered the medical opinion of Dr. West along with the entire medical record and gave good reasons for not according it deference. (TR 494-95.) Specifically, the ALJ found the fact that Dr. West failed to support the extreme limitations he included in his medical assessment with any diagnostic testing. That failure, along with the conservative treatment plan he prescribed for Plaintiff, belied his claims of disabling limitations. (TR 494, 337.) Furthermore, the record indicates that Dr. West had stopped treating Plaintiff in 2005 (TR 927-28, 955-56), and, as such, was no longer her treating physician in 2007 when he confirmed that the restrictions he had given in 2004 still applied. While this gap in treatment would not necessarily preclude Dr. West's opinion from being given any weight, the ALJ is permitted to consider the frequency and recency of treatment in determining the weight given to a non-controlling medical source opinion. *See* 20 C.F.R. 404.1527(d)(2) (providing the weight to be assigned a treating physician when controlling weight is not given to their opinion).

For the foregoing reasons, the ALJ found the severe limitations in Dr. West's medical assessment

to be inconsistent with the treatment record and the medical opinions rendered by *all* of the consultative and reviewing state agency medical examiners, including the consultative exam suggested by this Court on remand, and, as such, was not entitled to controlling weight. (TR 494-95, 909-14, 315-22, 195-202.) Because this finding was based on substantial evidence, it will not be disturbed by this Court.

    **D.  Whether the ALJ Erred by Relying on and Affording Greater Weight to the Unsigned Report from a Consultative Exam than to the Plaintiff's Treating Physician.**

ALJs are not "bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. "State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence." 20 C.F.R. § 404.1527(f)(2)(i). "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p.

The Plaintiff argues that the ALJ erred in relying on the 2001 unsigned report of state consultant Dr. Albert Gomez (TR 192-94), and by giving his opinion greater weight than that of Dr. West. (Pl.'s Brief at 45-46.) Plaintiff's position has no basis in fact or law. First, the ALJ relied on numerous medical sources in forming his RFC and in making his subsequent disability determination, including the consultative exam conducted in 2007, which was performed after this Court's remand. (TR 495-96.) Given that it was this Court who remanded this case for the purpose, *inter alia*, of allowing another consultative exam (TR 514), Plaintiff's current contention that this very same evaluation should now be disregarded by this Court because it is too recent and, as such, "of little benefit in determining whether the claimant was disabled" (Pl.'s Brief at 46) is surprising to say the least, and not very persuasive.

Second, as the Court has already discussed, the ALJ gave good reasons for discounting the opinion of Plaintiff's treating physician. Further, the ALJ clearly relied upon *all* the agency consultants (TR 491-96) in forming the Plaintiff's RFC, not just that of the "unsigned report." After discussing the weight accorded to each opinion, the ALJ determined that Plaintiff possessed the RFC to perform light work, with up to 20 pounds lifting occasionally and 10 pounds frequently, a total of 6 hours

standing/walking in an 8-hour workday for up to 2 hours at a time, 6 hours of sitting during an 8-hour workday for up to 2 hours at a time, occasionally engaging in postural activities, no unprotected heights, and no more than occasional exposure to reparatory irritants.  (TR 492.)  Given the foregoing, the Court finds that the weight given by the ALJ to the medical opinions was supported by substantial evidence, and will not be disturbed.

V.      **CONCLUSION**

For all of the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching his conclusion, and that his decision is supported by substantial evidence in the record.  An appropriate order denying Plaintiff's motion for judgment will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge